AUSA: Rebecca R. Delfiner

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **25 Mag. 1178** |

UNITED STATES OF AMERICA

v.

COLLINS KWABENA MENSAH,
   a/k/a "Game,"

                      Defendant.

RULE 5(c)(3)
AFFIDAVIT

SOUTHERN DISTRICT OF NEW YORK, ss.:

       MICAH FRIEDMAN, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and states as follows:

       On or about March 20, 2025, a grand jury sitting in the U.S. District Court for the Eastern District of Kentucky returned an indictment charging "Collins Kwabena Mensah" with conspiring to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and (h), and 1957, and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (the "Kentucky Indictment"). On or about April 1, 2025, the U.S. District Court for the Eastern District of Kentucky issued a warrant for the arrest of "Collins Kwabena Mensah." Copies of the Kentucky Indictment and the arrest warrant are attached hereto and incorporated by reference herein. *See* Exhs. A and B.

       I participated in the arrest of COLLINS KWABENA MENSAH, a/k/a "Game," the defendant, in the Southern District of New York on or about April 10, 2025. I believe that MENSAH is the same person as "Collins Kwabena Mensah," who is wanted by the U.S. District Court for the Eastern District of Kentucky.

       The bases for my knowledge and for the foregoing are, in part, as follows:

       1.     I am a Special Agent with the FBI. I have been personally involved in determining whether COLLINS KWABENA MENSAH, a/k/a "Game," the defendant, is the same person as "Collins Kwabena Mensah," named in the arrest warrant from the U.S. District Court for the Eastern District of Kentucky. Because this Affidavit is being submitted for the limited purpose of establishing the identity of the defendant, I have not included in this Affidavit every fact that I have learned. Where I report statements made by others, those statements are described in substance and in part, unless otherwise noted.

       2.     Based on my review of documents from the U.S. District Court for the Eastern District of Kentucky, I know that, on or about April 1, 2025, the U.S. District Court for the Eastern District of Kentucky issued a warrant for the arrest of "Collins Kwabena Mensah" (the

"Kentucky Arrest Warrant"). The Kentucky Arrest Warrant was based on the attached Kentucky Indictment.

3. On or about April 10, 2025, at approximately 6:15 a.m., I participated in the arrest of COLLINS KWABENA MENSAH, a/k/a "Game," the defendant, in the Bronx, New York, pursuant to the Kentucky Arrest Warrant.

4. Based on my participation in this arrest, my conversations with other law enforcement officers, and my review of law enforcement records, I believe that COLLINS KWABENA MENSAH, a/k/a "Game," the defendant, is the "Collins Kwabena Mensah" named in the Kentucky Arrest Warrant, for the reasons set forth below:

a. On or about April 10, 2025, while processing MENSAH in connection with this arrest, he identified himself to me, both verbally and by presenting a New York State identity card, as "Collins Mensah" and provided me with a date of birth and social security number that matched the date of birth and social security number provided for the "Mensah" named in the Kentucky Arrest Warrant.

b. On or about April 10, 2025, while processing MENSAH in connection with this arrest, I also took MENSAH's fingerprints and ran them through an investigative database, in which MENSAH's fingerprints matched the fingerprints in the system for the "Mensah" named in the Kentucky Arrest Warrant.

c. On or about April 10, 2025, while processing MENSAH in connection with this arrest, I observed his appearance and observed that he appeared to be the same individual as the individual depicted as "Mensah" in images in the investigative file connected with the Kentucky Arrest Warrant.

5. Accordingly, I believe that the "Collins Kwabena Mensah" named in the Kentucky Arrest Warrant is COLLINS KWABENA MENSAH, a/k/a "Game," the defendant.

WHEREFORE, I respectfully request that COLLINS KWABENA MENSAH, a/k/a "Game," the defendant, be imprisoned or bailed, as the case may be.

_____
Micah Friedman
Special Agent
Federal Bureau of Investigation

Sworn to before me this
10th day of April, 2025

_____
THE HONORABLE GARY STEIN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

3

Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
MAR 20 2025
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

V.                                           INDICTMENT NO. 5:25-CR-37-KKC-MAS

**COLLINS KWABENA MENSAH,**
   a.k.a. Game

\*   \*   \*   \*   \*

**THE GRAND JURY CHARGES:**

### INTRODUCTION

1. At all relevant times, Victim 1 was a company located in Lake Orion, Michigan, Victim 2 was a company located in Clarksville, Tennessee, Victim 3 was a company located in Philadelphia, Pennsylvania, and Victim 4 was a company located in Pearland, Texas. Each maintained bank accounts at federally funded financial institutions.

2. Through email correspondence from email addresses that spoofed those of employees of legitimate businesses, Victims 1, 2, and 3 were defrauded into redirecting money they believed to be going to these known, legitimate businesses, to bank accounts under the control of the coconspirators including **COLLINS KWABENA MENSAH**, in what is commonly referred to as a business email compromise. Victim 4 was defrauded into directing money Victim 4 believed to be going towards an oil and gas investment, to a bank account under the control of **COLLINS KWABENA MENSAH**.

3. At all relevant times, **COLLINS KWABENA MENSAH** lived in New York, traveled throughout the United States to open bank accounts and transfer funds obtained from victims of business email compromise schemes, and traveled to the Eastern District of Kentucky and elsewhere to spend funds obtained from victims of the scheme, as further described below.

4. **COLLINS KWABENA MENSAH** opened and/or operated bank accounts in the names of:

   a. C.D. and Diercks Enterprise LLC, including M&T Bank account *1447,

   b. C.V.M. and Manganiello Company LLC, including M&T Bank account *2929,

   c. K.S. and Pang Company LLC, including PNC Bank account *9841 and Chase Bank account *7216, and

   d. R.P. and Picketthard Company LLC, including PNC Bank account *1978.

## COUNT 1
## 18 U.S.C. § 1956(h)

5. Paragraphs 1 through 4 are realleged and incorporated by reference as if fully set forth herein.

6. Beginning on a date unknown, but no later than December 20, 2021, and continuing through on or about February 1, 2023, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**COLLINS KWABENA MENSAH**

knowingly and voluntarily conspired and agreed with Nana Kwabena Amuah and others

known and unknown to the Grand Jury, to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, to wit:

(a) knowingly conducting and attempting to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is wire fraud, bank fraud, and conspiracy to commit wire and bank fraud, violations of 18 U.S.C. §§ 1343, 1344 and 1349, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and

(b) knowingly engaging and attempting to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is check deposits, such property having been derived from a specified unlawful activity, that is wire fraud, bank fraud, and conspiracy to commit wire and bank fraud, violations of 18 U.S.C. §§ 1343, 1344 and 1349, in violation of 18 U.S.C. § 1957.

**Manner and Means**

7.   The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

8.   Since 2021, Nana Kwabena Amuah had been instructing members of the conspiracy, including **COLLINS KWABENA MENSAH**, to open business bank accounts under stolen identities or false names and shell companies registered with

secretaries of state around the United States.

9. Coconspirators engaged in business email compromises or other investment scams with targeted entities (the "Targeted Entities") located across the United States, redirecting payments the Targeted Entities believed were sent to known vendors, to bank accounts under the control of coconspirators, like **COLLINS KWABENA MENSAH**.

10. Once the Targeted Entities wired the funds to the designated coconspirator bank accounts, Amuah and others notified members of the conspiracy located in the United States, including **COLLINS KWABENA MENSAH**, so that they could attempt or actually withdraw or transfer the stolen funds in a variety of payment methods, in order to quickly move the funds from where the Targeted Entities could locate them.

11. For example, on or around December 21, 2021, **COLLINS KWABENA MENSAH** opened Chase Bank account *7216 in the name of K.S. and Pang Company LLC.

12. On or about January 3, 2022, Victim 1 wired $63,979.88 into Chase Bank account *7216, an account Victim 1 believed belonged to a known, legitimate vendor. Between January 4 and 24, 2022, **COLLINS KWABENA MENSAH** then used these funds to withdraw thousands of dollars in cash, transfer funds through a peer-to-peer service, issue a check, and make personal expenditures, several of which occurred at locations in the Eastern District of Kentucky.

13. Three peer-to-peer payments benefited an account at Bank of America in the name of Niclie Logistics LLC, an account opened under a shell company name with a fake identity, by a coconspirator who also worked for Amuah.

14. For another example, on or around August 18, 2022, **COLLINS KWABENA MENSAH** opened PNC Bank account *1978 in the name of R.P. and Picketthard Company LLC.

15. In or around September of 2022, Victim 2 wired three payments to an entity Victim 2 believed to be a known, legitimate vendor. On September 12, 2022, **COLLINS KWABENA MENSAH** received one of these wires from Victim 2 into PNC Bank account *1978, in the amount of $181,997.39. Using these funds, **MENSAH** prepared a check payable to himself in the amount of $26,000, with the memo line, "invoice payment," in an effort to make it seem as though the payment was a legitimate business payment. With the remaining funds, **MENSAH** prepared two other checks, one in the amount of $96,000.00 paid to the order of Manganiello Company LLC (memo line: "supplies"), and one in the amount of $50,000.00 paid to the order of Luke J Logistics LLC (memo line: "miscellaneous purpose"). This check was deposited into Luke J Logistics LLC account *5992, which was opened using a shell company name and fake identity. This account was used by another conspirator, Jean Mejia-Garcia, who worked with Amuah to transfer the proceeds of several scams, including one against the City of Lexington. The remaining funds received from Victim 2 on September 12, 2022, were withdrawn in cash.

16. In or around September of 2022, Victim 3 wired two payments to an entity Victim 3 believed to be a known, legitimate vendor. On September 16, 2022, **COLLINS KWABENA MENSAH** received one of these wires from Victim 3 into PNC Bank account *1978, in the name of R.P. and Picketthard Company LLC, in the amount of $197,102.40. Using these funds, **MENSAH** prepared two checks, one in the amount of $50,000.00 paid

to the order of Manganiello Company LLC (memo line: "invoice payment"), and one in the amount of $84,000.00 paid to the order of N Goyal Company LLC (memo line: "supplies"). The N Goyal Company LLC account was opened by another conspirator working for Amuah, using a shell company and fake identity.

17. On or about January 30, 2023, **MENSAH** opened M&T Bank account *1447, in the name of C.D. and Diercks Enterprise LLC. On or about April 11, 2023, account *1447 received $52,000 from Victim 4, which transferred the funds under the belief the recipient was a legitimate oil and gas investment entity. On April 12, 2024, **MENSAH** prepared a check in the amount of $24,350 made out to 2GA Barber Shop and Hair Saloon LLC. This check was deposited into 2GA Barber Shop and Hair Saloon LLC account *6023, which was opened by Samuel Kwadwo Osei, another conspirator working for Amuah to transfer the proceeds of numerous scams, including one against the City of Lexington.

All in violation of 18 U.S.C. § 1956(h).

## COUNT 2
## 18 U.S.C. § 1028A

18. Paragraphs 1 through 17 are realleged and incorporated by reference as if fully set forth herein.

19. On or about January 30, 2023, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**COLLINS KWABENA MENSAH**

knowingly transferred, possessed, and used, without lawful authority, a means of

identification of another person, C.D., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028(a)(c), to wit, wire fraud, bank fraud, and conspiracy to commit wire and bank fraud, knowing that the means of identification belonged to another actual person, all in violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURE ALLEGATION
### 18 U.S.C. § 981(a)(1)(C)
### 18 U.S.C. § 982(a)(1)
### 28 U.S.C. § 2461

1. By virtue of the commission of the offenses alleged in Count One of the Indictment, **COLLINS KWABENA MENSAH** shall forfeit to the United States any and all property, real or personal, involved in the violation of 18 U.S.C. § 1956 and any property traceable to such property. Any and all interest that **COLLINS KWABENA MENSAH** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1).

2. By virtue of the commission of the offenses alleged in Count Two of the Indictment, **COLLINS KWABENA MENSAH** shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. § 1028A. Any and all interest that **COLLINS KWABENA MENSAH** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**

$27,087.68 in U.S. currency seized from M&T Bank account ending x1447 held in the name of Diercks Enterprise LLC.

**MONEY JUDGMENT:**

A forfeiture money judgment in an amount representing the gross proceeds obtained by the Defendant as a result of the violations alleged in this Indictment and/or in an amount representing the amount involved in the money-laundering violation.

4. If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court, (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

## **PENALTIES**

**COUNT 1:**  Imprisonment for not more than 20 years, fine of not more than $500,000 or twice the amount of gross gain or loss, and supervised release for not more than 3 years.

**COUNT 2:**  Mandatory term of imprisonment of two years, to be served consecutive to any other sentence imposed for Count 1, plus not more than $250,000 fine and 1-year supervised release.

**PLUS:**  Mandatory special assessment of $100 per count of conviction.

**PLUS:**  Restitution, if applicable.

Exhibit B

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Kentucky

| | | |
|---|---|---|
| United States of America<br>v.<br><br>Collins Kwabena Mensah<br>Address: 185 McClellan St 2G, Bronx, NY 10456<br>DOB: 07/03/1991<br>SSN: 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<br>*Defendant* | ) ) ) ) ) ) ) | Case No.   5:25-cr-00037-KKC-MAS-1 |

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   Collins Kwabena Mensah                                                          ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

18:1956(h) CONSPIRACY TO COMMIT MONEY LAUNDERING
18:1028A AGGRAVATED IDENTITY THEFT

Date:   04/01/2025

*Issuing officer's signature*

City and state:   Lexington, KY

Robert Carr by Dulce Combs, Deputy Clerk
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*